UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X
GNY CUSTOM INSURANCE COMPANY,

                Plaintiff,

    -against-

STATE NATIONAL INSURANCE COMPANY, INC.

                Defendant.
----------------------------------------------------------------X

COMPLAINT FOR DECLARATORY RELIEF

No. _____

Plaintiff, GNY Custom Insurance Company ("GNY"), by and through its attorneys, Gerber Ciano Kelly Brady LLP, seeks a declaratory judgment against Defendant, State National Insurance Company, Inc. ("SNIC"), and respectfully alleges the following:

## THE PARTIES

1. GNY is an insurance company formed under the laws of the State of Arizona, has a principal place of business in New York, and is authorized to issue insurance policies within the State of New York.

2. Upon information and belief, SNIC is a company organized under the laws of Texas with a principal place of business in Bedford, Texas, and is licensed to issue insurance policies within the State of New York.

## JURISDICTION AND VENUE

3. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

4. Upon information and belief, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. 1332 in that it is between citizens of different states and the amount in controversy exceeds $75,000.00.

6. Venue lies in this Judicial District is proper pursuant to 28 U.S.C. 1391(a)(2) as it is the Judicial District in which the underlying lawsuit is venued in New York State Supreme Court, County of New York.

## THE UNDERLYING LAWSUIT

1. This lawsuit relates to a personal injury lawsuit against Gio Avenue C Inc. ("Gio"), Haven Plaza Square LLC ("Haven"), Haven Plaza Housing Development Fund Company, Inc. ("Haven HDFC"), and Bros. Food Market Inc., in the matter captioned *Daniel Kehoe v. Gio Avenue C Inc., et al.*, Index No. 161952/2023, pending in the Supreme Court of New York, New York County (the "Underlying Lawsuit").

2. Daniel Kehoe ("Kehoe") claims in the Underlying Lawsuit that he was injured on September 15, 2023, when he was caused to trip and fall on the property located at 188 Avenue C, New York, New York (the "Premises").

3. Kehoe alleges in the Underlying Lawsuit that Haven was the owner of the Premises upon which Kehoe was injured.

4. The Underlying Lawsuit alleges, among other things, that Gio, Haven, Haven HDFC, and Bros. Food Market Inc., owned, operated, maintained, and controlled the Premises.

5. Haven and Haven HDFC filed cross claims against Gio, claiming that Gio's actions caused Plaintiff's injuries under theories of negligence, breach of contract, indemnification, and contribution.

## **THE CONTRACTS**

6. On January 1, 2007, Haven HDFC, as owner, and Bros. Food Market Inc., as tenant, entered into an agreement whereby Bros. Food Market Inc. leased the Premises (the "Lease Agreement").

7. On or about January 1, 2011, Haven HDFC, assigned its interest in the Lease Agreement, as owner, to Haven.

8. On March 8, 2023, Bros. Food Market Inc. assigned its interest in the Lease Agreement, as tenant, to Gio.

9. Under the Lease Agreement, Gio agreed to:

Indemnify and hold harmless Owner and its directors, officers, agents and employees (collectively, "Owner Indemnitees") from and against any and all claims to the extent not covered by insurance and arising from or in connection with (i) the conduct or management of the demised premises or of any business therein, or any work or thing whatsoever done, or any condition created (other than by Owner Indemnitees) in or about the demised premises during the term; (ii) any act, omission or negligence or wrongful willful act of Tenant or any of its subtenants or licensees or its or their partners, directors, principals, shareholders; and (iii) any accident, injury or damage whatever (unless caused by the negligence or wrongful willful act of any of Owner Indemnitees) occurring in, at or upon the demised premises, together with all reasonable costs, expenses and liabilities incurred in or in connection with each such claim or action or proceeding brought thereon, including, without limitation, all attorneys' fees, and expenses; provided, however, that this provision shall not be construed to make Tenant responsible for any claim or liability to the extent caused by the negligence, wrongful, or willful act of any of Owner Indemnitees and provided further that in no event shall Tenant be liable for any consequential damages in connection with any of the aforesaid.

10. Under the Lease Agreement, Gio also agreed:

at its sole cost and expense, to carry and maintain in force from and after the date of this Lease and through the term hereof (x) worker's compensation and other required statutory forms of insurance, in statutory limits, and (y) comprehensive general public liability insurance, which shall be written on an occurrence basis, naming Tenant as the insured and naming Owner and its agent and, if requested by Owner, others having an interest in the land and/or the Building of which the demised premises form a part, as additional insureds, in limits (subject to increase at Owner's reasonable request) of not less than $2,000,000 for bodily and personal injury or death in any one occurrence, and of not less than $1,000,000 for property

damage per occurrence including water damage, protecting the aforementioned parties from all claims for bodily or personal injury or death or property damage occurring in or about the demised premises and its appurtenances.

11. GNY issued Commercial General Liability Policy No. 9131S98565 to Haven and Haven HDFC, effective March 8, 2023 to March 17, 2024 (the "GNY Policy").

12. September 15, 2023 falls within the policy period of the GNY Policy.

13. GNY is providing a defense to Haven and Haven HDFC against the Underlying Lawsuit under the GNY Policy.

14. On information and belief, SNIC issued Commercial General Policy No. NXTRT3D7TD-00-GL to Gio, d/b/a C-Town, effective February 15, 2023 to February 15, 2024 (the "SNIC Policy").

15. On information and belief, September 15, 2023 falls within the policy period of the SNIC Policy.

16. On information and belief, Haven and Haven HDFC meet the definition of additional insureds under the SNIC Policy.

17. GNY provided written notice of the Underlying Lawsuit to SNIC.

18. In that written notice, GNY requested that Haven be provided with defense and indemnity coverage under the SNIC Policy in connection with the Underlying Lawsuit.

19. GNY also requested that SNIC acknowledge contractual indemnification obligations and additional insured status owed to Haven in connection with the Underlying Lawsuit.

20. SNIC has failed to accept the tender for defense and indemnification of Haven or Haven HDFC.

## AS AND FOR A FIRST CAUSE OF ACTION
## (DECLARATORY JUDGMENT – DUTY TO DEFEND AGAINST SNIC)

21. GNY repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein again at length.

22. Upon information and belief, Haven and Haven HDFC meet the definition of an additional insured under the SNIC Policy.

23. Upon information and belief, the liability alleged in the Underlying Lawsuit falls within the scope of defense coverage available to Haven and Haven HDFC under the SNIC Policy.

24. Upon information and belief, the allegations against Haven and Haven HDFC in the Lawsuit are not excluded from defense coverage under the SNIC Policy, and SNIC has not raised the potential applicability of any exclusionary clause to bar defense coverage for Haven and Haven HDFC.

25. Upon information and belief, all conditions precedent to defense coverage under the SNIC Policy as related to Haven and Haven HDFC are met, and SNIC has not raised the potential applicability of any condition precedent as a bar to defense coverage for Haven and Haven HDFC.

26. Upon information and belief, the SNIC Policy for defense coverage is available to Haven and Haven HDFC in connection with the Lawsuit.

27. An actual dispute and controversy exist between the parties hereto concerning SNIC's defense obligation owed to Haven and Haven HDFC under the SNIC Policy.

28. The parties have no adequate remedy at law.

29. A declaratory judgment under CPLR § 3001 is necessary and appropriate to determine the rights and duties of the parties.

## AS AND FOR A SECOND CAUSE OF ACTION
## (DECLARATORY JUDGMENT – DUTY TO INDEMNIFY AGAINST SNIC)

30. GNY repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein again at length.

31. Upon information and belief, Haven and Haven HDFC meet the definition of an additional insured under the SNIC Policy.

32. Upon information and belief, the liability alleged in the Underlying Lawsuit falls within the scope of indemnity coverage available to Haven and Haven HDFC under the SNIC Policy.

33. Upon information and belief, the allegations against Haven and Haven HDFC in the Lawsuit are not excluded from indemnity coverage under the SNIC Policy, and SNIC has not raised the potential applicability of any exclusionary clause to bar indemnity coverage for Haven and Haven HDFC.

34. Upon information and belief, all conditions precedent to indemnity coverage under the SNIC Policy as related to Haven and Haven HDFC are met, and SNIC has not raised the potential applicability of any condition precedent as a bar to indemnity coverage for Haven and Haven HDFC.

35. Upon information and belief, the SNIC Policy for the indemnity coverage is available to Haven and Haven HDFC in connection with the Underlying Lawsuit.

36. Upon information and belief, SNIC has waived and/or is estopped from raising any coverage defenses it may have under the SNIC Policy pursuant to New York Insurance Law § 3420(d) and common law.

37. An actual dispute and controversy exist between the parties hereto concerning SNIC's indemnification obligation owed to Haven and Haven HDFC under the SNIC Policy.

38. The parties have no adequate remedy at law.

39. A declaratory judgment under CPLR § 3001 is necessary and appropriate to determine the rights and duties of the parties.

### AS AND FOR A THIRD CAUSE OF ACTION
### (REIMBURSEMENT – DEFENSE-RELATED COSTS AND EXPENSES AGAINST SNIC)

40. GNY repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein again at length.

41. Upon information and belief, SNIC wrongfully failed to provide defense coverage to Haven and Haven HDFC for the Underlying Lawsuit.

42. Upon information and belief, SNIC's failure to afford defense coverage to Haven and Haven HDFC for the Underlying Lawsuit breached the terms of the SNIC Policy.

43. As a direct and proximate result of SNIC's failure to provide defense coverage in violation of its obligations set forth in the SNIC Policy, Haven and Haven HDFC have incurred and GNY has paid defense-related costs and expenses.

44. SNIC is liable to pay damages in the form of all defense-related costs and expenses that GNY has paid on behalf of Haven and Haven HDFC in connection with the Underlying Lawsuit, from the date of initial tender to present, plus interest.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (EQUITABLE CONTRIBUTION – DUTY TO DEFEND AGAINST SNIC)

45. GNY repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein again at length.

46. GNY has paid, and likely will continue to pay, substantial amounts of money in connection with the defense of Haven and Haven HDFC in connection with the Underlying Lawsuit.

47. Upon information and belief, SNIC has an obligation to provide, among other things, defense coverage to Haven and Haven HDFC in connection with the Underlying Lawsuit, and to pay an equitable portion of the defense-related costs and expenses incurred by GNY on behalf of Haven and Haven HDFC in connection with the Underlying Lawsuit.

48. GNY is entitled to, and SNIC is liable for, equitable contribution from SNIC with respect to SNIC's equitable share of all defense-related costs and expenses that have been or will be incurred on behalf of Haven and Haven HDFC in connection with the Underlying Lawsuit.

WHEREFORE, GNY respectfully requests that the Court enter judgment:

1. Declaring that SNIC owes primary duties to defend and indemnify Haven and Haven HDFC in connection with the Underlying Lawsuit;

2. Ordering SNIC to pay damages in an amount to be proven at trial;

3. Ordering SNIC to reimburse defense-related costs and expenses incurred on behalf of Haven and Haven HDFC, and paid by GNY, in connection with the Underlying Lawsuit;

4. Ordering SNIC to pay interest under Article 50;

5. Ordering SNIC to pay costs under Article 50; and

6. Awarding reasonable attorneys' fees, costs, interests and disbursements to GNY plus interest; and

7. Ordering such other and further relief as this Honorable Court deems just, equitable and proper.

Dated: May 12, 2025

GERBER CIANO KELLY BRADY LLP
*/s/   John M. Krug*
John M. Krug Esq.
**Office Address**
1325 Franklin Avenue Suite 500
Garden City, NY  11530
Phone:(516)738-4644
Fax: (646) 350-1901
**Mailing Address**
PO Box 160
Buffalo, NY 14201
jkrug@gerberciano.com
